UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MERRILL LYNCH, PIERCE, FENNER & SMITH :
INCORPORATED, JUOSEN FUNG, PETER BON VISO, :
MICHAEL PAUL FIX, and DANIEL GLATTER, :
                                    Petitioners, :    **DECISION AND ORDER**
                                            :         08 cv 00373 (GBD)
        - against -                    :
                                            :
GRETA ROTHSTEIN and KONSTANTINOS KARETSOS, :
                                   Respondents. :
------------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Court Judge:

    Before this Court is the petition of Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), Juosen Fung, Peter Bon Viso, Michael Paul Fix, and Daniel Glatter (collectively, "Petitioners") to confirm an NYSE arbitration award entered against Greta Rothstein and her husband, Konstantinos Karetsos, on June 4, 2007, following an arbitration proceeding conducted pursuant to arbitration clauses contained in two Merrill Lynch Client Relationship Agreements. The petition is granted, and the award is confirmed.

## PRIOR PROCEEDINGS

    Prior to the arbitration, Rothstein and Karetsos, proceeding *pro se*, commenced an action in United States District Court[1] against defendants alleging fraudulent handling of their joint investment account by Merrill Lynch and four of its employees. Merrill Lynch and its employees in that action moved to compel arbitration of Rothstein's and Karetsos' claims. In response, Rothstein and Karetsos first sought to disqualify the District Judge from hearing that

---

[1] See (Case No. 03-cv-674 (MGC)).

case, articulating various grievances related to the conduct of the litigation and certain docket entries. Their disqualification motion was denied. See Rothstein v. Fung, 2003 WL 22829111, at *3 (S.D.N.Y. Nov. 26, 2003). Rothstein and Karetsos then argued that the arbitration agreements were not binding. After finding that the arbitration agreements were binding, the court granted defendants' motion to compel arbitration. See Rothstein v. Fung, 2004 WL 2070940, at *3 (S.D.N.Y. Sept. 14, 2004).

Rothstein and Karetsos commenced arbitration on February 9, 2006 by filing their Statement of Claim. Therein, they alleged "fraud, deceit, conspiracy, misrepresentation, deceptive practices, obstruction of justice, unauthorized transactions, unsuitable investments, material omissions, breach of fiduciary duty, gross negligence, violation of the federal securities laws, intentional infliction of extreme mental suffering, falsification of records, conflict of interest, violations of SRO rules and account mismanagement in connection with the purchase of a money market mutual fund." See Petition Ex. A ("Award") at 1. Merrill Lynch and its employees denied the allegations in their entirety and moved for an order expunging all references to Rothstein's and Karetsos' allegations from two of the employees' respective CRD records. Id. Merrill Lynch argued that Respondents (i) authorized and ratified each of the complained of transactions and (ii) failed to mitigate any alleged losses. Merrill Lynch also presented evidence to show that three of its employees were not involved in executing the disputed transactions.

The arbitrators held six days of hearings between November 29, 2006 and April 19, 2007. After the fourth day of the arbitration, the panel granted Petitioners' motion to dismiss, with prejudice, three employees. See Award at 2. At the close of the arbitration, the panel granted

Petitioners' motion to dismiss, with prejudice, Merrill Lynch and a fourth employee. The arbitrators also found that (1) one employee "was not involved in the alleged investment-related sales practice violations" and (2) the claims against another were "clearly erroneous." Id. The arbitrators further recommended that all references to the matter be expunged from the CRD records of those two employees. Id.

Rothstein and Karetsos commenced an action (the "Vacatur Action") to vacate the Award by filing an Affidavit in Support of Motion to Vacate the Arbitration Award and Memorandum of Law in support thereof with the *Pro Se* Office of the Southern District of New York on September 5, 2007.[2] In an order dated June 4, 2008, the court found that the complaint in the Vacatur Action: (1) failed to state the basis of the court's jurisdiction over the[] claim; (2) "failed to allege facts…indicating the date when the arbitration award was filed or delivered" and whether the adverse parties in the arbitration were served; and (3) did not satisfy the pleading standard for claims under Sections 10(b) and 20 of the Securities Act.[3] In light of their status as *pro se* litigants, the Respondents were granted leave to file an amended complaint in that separate action within 60 days. Id. at 11. Respondents' amended complaint alleged that Petitioners engaged in "deliberate and calculated misrepresentations and omissions, the preparation and dissemination to the investing public of intentionally or recklessly false, misleading, and

---

[2] Accordingly, Rothstein and Karetsos are deemed to have complied with 9 U.S.C. §12 which requires that "[n]otice of a motion to vacate, modify, or correct an award…be served upon the adverse party or his attorney within three months after the award is filed or delivered."

[2] See Case No. 1:08-cv-05122 (PKC)(HBP), Docket No. 4 (June 4, 2008 Order) at 4, 6, 9.

deceptive material information" (Amended Complaint at 7), in addition to asserting bias on the part of the arbitrators.  See, e.g., Amended Complaint at 35.[4]

## No Manifest Disregard of the Law

Under 9 U.S.C. § 9, a court must confirm an arbitration award unless the award is vacated, modified, or corrected in accordance with the criteria set forth in 9 U.S.C. §§ 10 and 11. In determining whether the criteria for vacating or modifying an award have been met, a court does not conduct a *de novo* review of the arbitration award.  Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir.2004).  Rather, a court's review of an arbitration awards is "narrowly limited."  See Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 120 (2d Cir. 1991).  The court must apply the manifest disregard of the law standard to its review of the arbitration award.  Under that standard, an award must be confirmed "if any justification can be gleaned from the record." GMS Group, LLC v. Benderson, 326 F.3d 75, 78 (2d Cir. 2003) (internal citation and quotations omitted).

Manifest disregard of the law can only be found in "exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent."  Wallace, 378 F.3d at 189; Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 386 (2d Cir.2003). The manifest disregard standard requires "more than a mistake of law or a clear error in fact finding" to disturb an award.  Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002).

---

[4] That action is stayed pending this Court's this Court's ruling on Petitioner's motion to confirm the Award. See Case No. 1:08-cv-05122 (PKC)(HBP), Docket No. 12.

Thus, manifest disregard can be established only where a governing legal principle is "well defined, explicit, and clearly applicable to the case, and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature." Goldman, 306 F.3d at 1216. However, even when an arbitrator provides little or no explanation for an award, the award will withstand the manifest disregard review "[i]f a ground for the arbitrator's decision can be inferred from the facts of the case. Fahnestock & Co. v. Waltman, 935 F.2d 512, 516 (2d Cir.1991). Moreover, mere allegations of bias or a conflict of interest on the part of the arbitrators cannot satisfy the manifest disregard standard. On the contrary, an arbitral award will not be vacated "where nothing more than an appearance of bias is alleged." International Produce, Inc.v. A/S Rosshavet, 638 F.2d 548, 552 (2d Cir. 1981).

Respondents Rothstein and Karetsos each submitted lengthy papers in opposition to Petitioners' motion to confirm the Award. Reading their *pro se* pleadings generously, (see Dorsey v. Kelly, 112 F.3d 50, 53 (2d Cir.1997)), Respondents appear to base their opposition on many of the same arguments presented during the arbitration. For example, Respondents contest the validity of the power of attorney which allowed Karetsos to execute two Merrill Lynch Client Relationship Agreements on his wife's behalf. See, e.g., Respondent Karetsos' Reply to Petition at ¶ 13 (referring to power of attorney as "this plain piece of Merrill Lynch paper"). Respondents also impugn the integrity and neutrality of the arbitral panel in vague and conclusory terms. See, e.g., Rothstein's Reply to "Petition" at 9 ("the Chairman of the Panel acted simultaneously as a patriarch, a malevolent despot, and Solomon, who produced decisions and courses of action embodying his profoundly double standards and his deeply prejudicial modes of evaluation and appraisal of claims and counterclaims on both sides"); Respondent Karetsos' Reply to

"Memorandum of Law in Support of Petition to Confirm Arbitration Award" at ¶ 7 ("the exigencies of the **Realpolitik** practices of the Arbitrators proved a 'special interest ' issue...that consciously defected from the maintenance of arbitral rules of the game due to the imperative of the Arbitrators to protect the interests, values, and practices of [Merrill Lynch] from the meritorious claims of the Claimants") (emphasis in original). Respondents' general dissatisfaction with the arbitrators' decision fails to identify with specificity any "egregious impropriety" that would warrant denial of the petition under the manifest disregard standard. See Wallace, 378 F.3d at 198.

Based on a review of Petitioners' and Respondents' factual assertions and the voluminous submissions made by both parties, this Court finds that there is ample evidence to support the arbitrators' decision to dismiss Rothstein's and Karetsos' claims and to expunge references to the allegations from the CRD records.

## CONCLUSION

Petitioners' motion to confirm the arbitration award is granted.

Dated: September 29, 2008
New York, New York

SEP 3 0 2008

SO ORDERED:

*George B. Daniels*
HON. GEORGE B. DANIELS
United States District Judge